

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small><br>**L<small>AW</small> D<small>EPARTMENT</small>**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **ZACHARY KALMBACH**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2322<br>fax: (212) 356-3509<br>zkalmbac@law.nyc.gov |

September 7, 2023

**By ECF**
Honorable LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Lionel Pierre v. City of New York, et al.</u>,
                  18-CV-618 (LDH) (TAM)

Your Honor:

      I represent defendants Chambers and Melissinos in the above-referenced matter. Defendants write pursuant to the Court's direction at this morning's final pretrial conference to respectfully: (1) inform the Court that the parties agree to proceed with the Court's proposed adjustments to the current trial schedule—that is, proceed with jury selection on September 11, 2023, and opening statements on September 13, 2023; (2) request that defendant Melissinos be permitted to testify remotely in the event he is not able to attend trial in person; and (3) identify the testimony defendants seek to preclude regarding police training and/or procedures.

      By way of background, during the final pretrial conference the Court denied defendants' request to adjourn the start of trial, but proposed adjustments to the trial schedule in light of defendant Melissinos's obligations arising from the recent death of a close family member. Specifically, the Court proposed proceeding with jury selection on September 11, 2023, as currently scheduled, but to delay the start of opening statements until September 13, 2023; and the Court directed defendants to file a letter by 4:00 p.m. today informing the Court of whether the parties agree to the Court's proposed modified trial schedule. The Court also directed defendants to include in the letter: (1) whether the parties unanimously agree to magistrate jurisdiction for trial; and (2) the specific testimony defendants seek to preclude regarding police training.

      Defendants thank the Court for its flexibility and respectfully inform the Court that the parties agree to proceed with the Court's proposed modified trial schedule. To that end, the parties do not unanimously agree to magistrate jurisdiction. Further, as discussed at this morning's conference, defendants respectfully request that, in the event defendant Melissinos is not able to attend trial in person, the Court permit him to testify remotely.

   Additionally, to elaborate on defendants' motion *in limine* to preclude plaintiff from inquiring about training or internal polices/standard procedures of the NYPD, defendants seek to preclude questioning or testimony about the NYPD's training on "levels of force." Specifically, plaintiff's counsel questioned Officer Chambers about the training he received about "graduating levels of force." When plaintiff's counsel asked, generally, "what are . . . the levels of force," Officer Chambers recalled some examples of different levels included presence, verbal instructions, pepper spray, etc. (*See* Chambers Dep., annexed as Exhibit A, at 22:6-23:2, 86:19-24.) This questioning, and the levels of force to which Officer Chambers testified, are wholly irrelevant to the type of "force" at issue in this trial, which focuses only on the tightness of plaintiff's handcuffs. Officer Chambers was also broadly asked at his deposition to describe "what training at the [police] academy looked like or what it consisted of," and what was covered in *each* of the classes taught in the academy. (*Id.* at 19:10-20:17.) Again, this line of questioning should be precluded because it in no way bears on the issue of tight handcuffing.

   Thank you for your time and consideration.

                     Respectfully submitted,

                      /s/ *Zachary Kalmbach*
                      Zachary Kalmbach
                      *Assistant Corporation Counsel*

Encl.

cc:  **Via ECF**
   All counsel of record